## No. 7281.

### T. W. COLLENS VS. A. DUBUCLET, TREASURER.

Appropriations by the Legislature in excess of the revenues of the State are void.

So much of the revenues as are necessary to pay the salaries of officers, whose offices have been established by the Constitution and the salaries thereof fixed therein, cannot be diverted by the Legislature to any other purposes.

Collens vs. Dubuclet.

The nullity or caducity of legislative appropriations, resulting from the excess of their amount over the revenues, falls upon and affects primarily those which have been made for other purposes than the payment of salaries of constitutional officers, and for like necessary support of the government.

This nullity may be demanded by any one having an interest, but the action to annul must be directed against the appropriations specifically, in order that the persons in whose favour they have been made may be heard.

When an action has been thus brought and the persons interested have been heard, if it appears that the particular appropriations attacked are in excess of the revenues needful to pay the domestic expenses of the State government, the court will annul such appropriations and forbid the payment of them.

APPEAL from the Fifth District Court of New Orleans. ROGERS, J.

· *M'Caleb* for Plaintiff Appellant. The Attorney-General for the Defendant.

MANNING, C. J. The plaintiff's suit was dismissed on an exception of no cause of action. The petition begins by setting forth that the plaintiff is the holder and owner of State warrants for nine thou-and three hundred dollars for his salary as judge of the Seventh Court of this city for the years 1874, 1875, and 1876, drawn on the Treasurer according to law, and then proceeds with his allegations in this wise : —

" That the payment of said salary, for which said warrants are drawn is appropriated and required by the Constitution of the State, which is the supreme law of the land, and cannot be directly or indirectly defeated by legislation or the official acts of officers of the State.

" That by the acts of the Legislature, for the years aforesaid, besides making appropriations to pay said salary, and other appropriations expressly required by specific provisions of the Constitution, various other appropriations were made for contingent purposes in excess of the revenue of the State, whether estimated by assessments, or on actual income for each of the years aforesaid, and thereby, there has not been, and it is impossible that there shall ever be sufficient funds or income of the State, for the years aforesaid, to pay all the warrants drawn by virtue of said appropriations upon the general fund.

" That all the appropriations made payable out of the general revenues of said years, except those expressly required by the Constitution, are null and void, for being in excess of revenue.

" That, under these circumstances, and notwithstanding such yearly insolvency and nullity of appropriations, Antoine Dubuclet, State Treasurer, asserts and exercises the right or discretion of perfrering and paying only such of said warrants as it may be most convenient to pay, or which may happen to be presented at the moment funds are received by him, or such of said warrants which, in his individual opinion, he may consider entitled to preference, so that he may determine not to pay petitioner's warrants, and .may wholly exhaust the contemplated, the actual and the future revenue of the State in paying warrants which are constitutionally, null and void, as aforesaid, or even lawful warrants held by others than petitioner, or even any outstanding warrants of the same character as those of petitioner, thus wholly defeat the intent and letter of the Constitution and the just rights of this petitioner.

"That said Dubuclet has, heretofore, acted on the said rules, although it is the duty of said Dubuclet, when the income of the State is insufficient for all, to give precedence to the appropriations made or required by the Constitution.

. " That said Dubuelet, notwithstanding said yearly insolvency, does not even apportion, and refuses even to apportion, the income of the general fund to the several and distinct appropriations made by law payable out of that fund, but continues to refuse any payment whatsoever to some, but to pay others in full.

" That nearly the whole of the possible revenue of the State, for the years 1874, 1875, and 1876, have been paid out in this manner, and the future income for said years respectively will be wholly insufficient to pay outstanding warants in full.

" That besides the deficit caused by excess of appropriations, there is a further deficit from defalcations and insolvency, and disappearance of those liable for taxes on movables, licenses, capital, and the like.

" That, notwithstanding the presentation of said warrants to said State Treasurer, and petitioner's remonstrance, said State Treasurer is applying to petitioner said illegal and wrongful method of distribution and paying out the revenues of the State to the great injury and damage of petitioner."

For these causes a writ of injunction was prayed, inhibiting the State Treasurer from paying any outstanding warrants upon the gen-

Collens vs. Dubuclet.

eral fund for the years 1874, 1875, and 1876 respectively, before or without at the same time paying the warrants of the plaintiff.

We are uninformed of the special deficiencies of this petition, and as the reasons of the judge *a quo* are not in the transcript, we are ignorant of the grounds upon which the exception was sustained.

For the purposes of the exception the facts and allegations of the petition are taken as true. It is then assumed to be true that the appropriations for the three named years are largely in excess of revenues, and some of them must therefore be null — that the Treasurer has paid, and is paying, such as he may choose or select without regard to their nature or character, giving precedence to some and postponing others — and that if the Treasurer continues to pay warrants according to his own pleasure, refusing payment of any of the plaintiff's, the inevitable result will be that the funds now applicable to the plaintiff's warrants will be exhausted without his receiving anything.

The petition alleges the plaintiff to have been a constitutional officer, whose salary is fixed by the organic law. It has been held uniformly that a Legislature cannot deprive a constitutional officer of the salary which the Constitution assigns to him. If it be true that the Treasurer is paying warrants of inferior dignity than those held by the relator, when the funds are insufficient to pay all, and when some ought not and have no right to be paid because the appropriations for them were in excess of the revenues — is not the Treasurer doing in effect what the courts say the Legislature cannot do? And if that be so, what better cause of action could the plaintiff have against the ministerial officer who is thus inflicting on him a grave and irreparable injury?

The Constitution being the supreme law, and the plaintiff's salary having been fixed by that, the Legislature cannot divert the revenues of the State, properly applicable to its payment, to other purposes. If it be desirable to have appropriations for other purposes than carrying on the government, and moving its machinery, as it always is, the Legislature must raise the revenue for such appropriations. If it fails to do so, and the appropriations exceed the revenue, some of them are void and cannot be paid, but the deficiency does not fall on those which the Constitution may be said to demand shall be paid.

Collens *vs.* Dubuclet.

The plaintiff has set up an apparently good cause of action. The exception was improperly sustained.

*Judgment reversed, injunction reinstated, and cause remanded.*

On rehearing,

SPENCER, J. Further consideration induces us to conclude that the judgment below, sustaining defendant's exception, should be affirmed.

1st. Under the Constitution there can be no doubt that appropriations, to the extent that they are in excess of revenue, are void.

3d. The nullity or caducity, resulting from this excess of appropriations, must fall upon and affect primarily, those which are made for other purposes than the necessary support and carrying on of the government. 28 A. p. 201.

3d. The nullity of such illegal appropriations may be demanded by any one having an interest; but an action for such purpose must be directed against them specifically — to the end that the person in whose favour they have been made, may be heard.

4th. A general allegation that the appropriations of a particular year, exceed the revenues of that year, will not authorize the court to declare any particular appropriation void — especially when the beneficiaries of such appropriations are not parties to the action.

5th. Plaintiff's demands are too vague and too general to admit of proof, or to authorize this court to declare which of the appropriations of these several years are unconstitutional.

The petition does not even aver the extent of the alleged excess, or state the gross amount thereof. If the allegations of the petition were proven, we would not know whether to strike off $100,000 or $500,000 from the appropriation bill — nor what particular one we should forbid the payment of. The most that we could decree would be that so much of said appropriations as were in excess of revenue were void, and that the Treasurer must not pay such void appropriations.

Such a decree would be *vox et præterla nihil* — leaving the Treasurer and the public as much at sea as ever, and determinative of nothing.

*The judgment appealed from is therefore affirmed with costs.*

Dissenting opinion,

MANNING, C. J.   The exception is, that the petition discloses no cause of action.   Assuming even that there should be other parties made, the exception should not be sustained and the cause dismissed, but it should be remanded in order that new parties be made.

The opinion now approved by the majority of the court, holds that when appropriations are in excess of revenues, some must fall, and the caducity of those not actually and vitally necessary to carry on the government ensues.   The original opinion holds that the appropriations for constitutional officers are the ones that cannot fall, and in my judgment has the merit of certainty, for when you go beyond that, what is to be the test of those not within that class? If there are ten clerks in the Auditor's office, how many and which ones are actually necessary to carry on the government?

I see no reason to change my opinion as first expressed, except that the appropriations attacked should be specifically mentioned, and the beneficiaries of them be made parties, and for that purpose, that the cause should be remanded.

MARR, J., concurs with the Chief Justice.